# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America <br> v. <br><br> Kenneth Muse <br><br> *Defendant(s)* | ) <br> ) <br> )   Case No. <br> ) <br> )            22-51 MAG <br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 26, 2021__ in the parish of __Jefferson__ in the __Eastern__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon In Possession of a Firearm |
| 18 U.S.C. § 922(c) | Possession of a Firearm in Furtherance of Drug Trafficking |
| 21 U.S.C. § 841 | Possession with the Intent to Distribute |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Anthony Calagna
*Complainant's signature*

Special Agent Anthony Calagna, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4-7-22

*Judge's signature*

City and state: New Orleans, Louisiana     Honorable Karen Wells Roby, U.S. Magistrate Judge
*Printed name and title*

2cc: USM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-51 |
| v. | * | SECTION:  MAG |
| KENNETH MUSE | * | |
| | * | |

\*   \*   \*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT**

I, Anthony Calagna, being duly sworn, depose and state as follows:

1. I am a Senior Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since April 2008. I am currently assigned to the New Orleans Field Office, in New Orleans, Louisiana. Prior to my employment with ATF, I was a trooper with Louisiana State Police. I was employed with LSP from 2006 to 2008. Prior to my employment with LSP, I was a police officer with the Kenner Police Department (KPD) in Kenner, LA. I was employed with KPD from 2003 to 2006. I am responsible for investigating and enforcing violations of Federal law, including violations of Federal firearms laws and Title 18 offenses; to include matters related to violent crimes. During my law enforcement career, I have participated in several complex investigations, specifically in the matters of violent crime and narcotics trafficking. I regularly work with a team of agents and

task force officers who are focused on investigating crimes related to violence and drug distribution crimes.

2.   I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program, both are located at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior, I attended and graduated from the Louisiana State Police Academy and the Slidell Regional Police Academy. I received a Bachelor of Science in Marketing from the University of New Orleans in 2000.

3.   I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, I am an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

## PURPOSE OF AFFIDAVIT

4.   This affidavit is made in support of a criminal complaint against Kenneth MUSE ("MUSE") for violation of Title 18, United States Code, Section 922(g)(1), possession of a firearm by a convicted felon, Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a drug trafficking crime, and Title 21, United States Code, Section 841(a)(1), possession with intent to distribute Tramadol. Since this affidavit is being submitted for this limited purpose, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are essential to establish the necessary foundation for obtaining a criminal complaint. I make this affidavit based upon my personal knowledge derived from my participation in this investigation and upon information relayed to me from members of the Jefferson Parish Sheriff's Office ("JPSO").

## PROBABLE CAUSE

5.     On Monday, July 26, 2021, at approximately 3:41 PM, Jefferson Parish Sheriff's Office (JPSO) Deputy Craig Adam was stopped at Central Park Blvd. and Manhattan Blvd. (Harvey, LA) in his fully marked JPSO police unit when he observed a black male subject, later identified as MUSE, operating a white dirt bike, with Red and Blue insignia on it, without wearing a helmet. Deputy Adam observed MUSE travelling northbound in the 1900 block of Manhattan Blvd., moving in between vehicles and operating in a reckless manner.

6.     Upon observing the marked police unit, MUSE quickly veered left into the southbound U-turn Lane and then back into the left lane of Manhattan Blvd. and accelerated at a high rate of speed through the heavily congested traffic. Deputy Adam merged into the far-right lane and continued to follow MUSE without utilizing the lights and sirens on his marked police unit. Deputy Adam observed MUSE still in the left lane approaching the next southbound U-turn Lane in the 1700 block of Manhattan Blvd. As MUSE entered the U-turn lane, he lost control of the dirt bike, striking the curb, which caused him to crash the bike.

7.     As MUSE was getting up off the ground, Deputy Adam approached him in his marked police unit. Observing Deputy Adam approaching him, MUSE jumped back onto the dirt bike and attempted to get it started to evade Deputy Adam. Deputy Adam exited his unit and gave MUSE several loud verbal commands to "get off the bike and on the ground." MUSE refused to listen to Deputy Adam's instructions. MUSE then dropped the bike and walked to the front of Deputy Adam's unit before immediately fleeing, on foot, across Manhattan Blvd. moving through traffic and into the Target shopping center parking lot located at 1700 Manhattan Blvd.

8. Deputy Adam re-entered his marked unit and travelled into the Target parking lot and notified JPSO Dispatch and other units of MUSE's physical description and requested additional units for backup.

9. Deputy Adam observed MUSE running in different directions through the Chili's and Canes' parking lots in an effort to evade Deputy Adam and back-up units. A perimeter was established by Deputy Adam and other units to contain MUSE. Deputy Adam observed MUSE run west into the southside parking lot of Canes. Deputies Adam and Jones exited their units and pursued MUSE on foot through the southside parking lot of Canes. A short distance later, MUSE stopped, turned around facing both deputies, and began reaching for his waistband. Upon Deputy Jones getting within arms' reach of MUSE, Deputy Jones reached into the front waistband of MUSE's pants and retrieved a black semi-automatic handgun. Deputy Adams then struck MUSE with his body knocking him off his feet, causing him to fall onto the grassy median separating the Cane's parking lot from the Chili's parking lot. Deputy Adam then rolled MUSE over onto his stomach and placed MUSE in handcuffs.

10. Deputy Adam conducted a search incidental to arrest of MUSE and located a large amount of U.S. Currency in his left front pants pocket, which totaled $2, 570.00. Deputy Adam also located a clear cellophane bag containing 42 white pills that were later tested by the Jefferson Parish Crime Lab and identified as Tramadol, which is a Schedule IV narcotic.

11. Deputy Adam conducted a closer inspection of the firearm recovered from MUSE and learned it was a Glock Model 19, 9mm caliber semiautomatic pistol, bearing serial number BNKC640 with an extended 30 round capacity magazine. Deputy Adam conducted a NCIC check on the firearm, which revealed it was stolen from New Orleans during a carjacking and reported under New Orleans Police Department Item # B-12680-21. The firearm was loaded with 28 live

rounds in the magazine and one live round in the chamber totaling 29 rounds of live ammunition. The firearm was also affixed with a conversion device at the rear of the slide for the purpose of converting the firearm from functioning as semi-automatic to fully automatic.

12. JPSO Narcotics Detectives O'Connor and Pacheco travelled to University Medical Center in New Orleans, where MUSE was being treated for his injuries sustained in the crash, to speak with him. Upon arrival, Detective Pacheco advised MUSE of his rights per *Miranda*, which he verbally acknowledged and waived. Detective O'Connor inquired if MUSE was employed, to which he stated he was unemployed. Detective O'Connor asked MUSE where the money in his pocket came from, to which MUSE refused to answer or provide any documentation on the legitimacy of his U.S. currency.

13. Subsequently, MUSE was booked at the Jefferson Parish Correctional Center and charged with Louisiana Revised Statute (LRS) 40:969A/01-B, Possession with intent to sell schedule IV narcotic, Tramadol; LRS 14:95.1, felon in possession of a firearm, and other state offenses.

14. A records check revealed that MUSE is a convicted felon. On May 16, 2019, MUSE pled guilty to aggravated flight from an officer, in violation of Louisiana R.S. 14:108.1.C, in the 24th Judicial District Court, Jefferson Parish, Case Number 18-01064. On that date, MUSE was sentenced to 2 years at hard labor, which was suspended, and 2 years of active probation. On November 14, 2019, MUSE'S probation was revoked and on November 15, 2019, MUSE was sentenced to 2 years and 6 months at hard labor in the Louisiana Department of Corrections.

15. On December 3, 2019, MUSE was convicted of being a felon with a firearm and aggravated obstruction of a highway, in violation of Louisiana R.S. 14:95.1 and 14:96 respectively, in the 24th Judicial District Court, Jefferson Parish, Case Number 19-04322. On that date, MUSE

was sentenced to 5 years, for the felon in possession charge, and 40 months, for the aggravated obstruction of a highway, to be served concurrently at hard labor in the Louisiana Department of Corrections. MUSE is currently on probation due to this arrest, and on July 27, 2021, a probation hold was placed on MUSE by the Louisiana State Probation and Parole.

16. I am aware that Glock firearms are not manufactured in the state of Louisiana. In fact, this firearm was manufactured in Austria and imported into the United States through Smyrna, Georgia. Accordingly, the firearm necessarily moved in and affected interstate commerce before being seized from MUSE. This weapon also fits the relevant federal definition of a firearm.

17. Based on the foregoing, I submit there is probable cause to believe that MUSE violated Title 18, United States Code, Section 922(g)(1), Title 18, United States Code, Section 924(c), and Title 21, United States Code, Section 841(a)(1) .

Respectfully submitted,

/s/ Anthony Calagna
Senior Special Agent Anthony Calagna
Bureau of Alcohol, Tobacco, Firearms and Explosives

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me on
this 7th day of April, 2022,
New Orleans, Louisiana.

HONORABLE KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

6